Teresa C. Chow, Bar No. 237694
*tchow@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

Matthew D. Pearson, Bar No. 294302
*mpearson@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:  303.861.0600
Facsimile:   303.861.7805

Attorneys for Defendants
ONE PLANET OPS INC. and
BUYERLINK LLC dba CONTRACTORS.COM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REEVE SCHLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE PLANET OPS INC., a Delaware Corporation; BUYERLINK LLC dba CONTRACTORS.COM, a California limited liability company; and DOES 1 through 50, inclusive, and each of them,<br><br>Defendants. | Case No.: 3:20-cv-00203-EMC<br>[*Hon. Edward M. Chen*]<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS-ACTION COMPLAINT**<br><br><br>Complaint Filed:   January 9, 2020<br>Complaint Served: January 16, 2020 |

Defendants One Planet Ops Inc. ("One Planet") and Buyerlink LLC dba Contractors.com ("Buyerlink") (collectively, "Defendants") answer the Class-Action Complaint ("Complaint") of Plaintiff Reeve Schley ("Plaintiff") as follows:

## ANSWER TO COMPLAINT

## NATURE OF THE CASE[1]

1. Defendants admit that Plaintiff purports to bring this action on behalf of himself and others similarly situated and that Plaintiff seeks damages and any other available legal or equitable remedies. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff's allegations are based on personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorney and therefore deny the allegation. Defendants deny all other allegations in Paragraph 1.

2. Defendants admit that they own and operate a lead service company in the online marketing and advertising industry. Defendants do not know what Plaintiff means by the use of "real-time" lead service company and, therefore, deny that they own and operate a "real-time" lead service company. Defendants deny that they or employed agents used machines that had the capacity to store a list of phone numbers and send out blast texts to cellular telephones, *en mass*, to consumers across the country. Defendants deny that they or their agents purchase "leads" containing consumer contact information and create electronic databases from which Defendants make automated calls.

3. Defendants deny that they conducted wide-scale telemarketing campaigns and repeatedly made contact with consumers' telephones—whose numbers appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

4. Defendants deny that the TCPA was enacted to protect consumer from unsolicited telephone contact exactly like those alleged by Plaintiff. Defendants deny that they

---

[1] Defendants have included in this Answer the Complaint's heading merely for ease of reference. By including the headings, Defendants are not admitting that the headings are true or accurate.

1  did anything unlawful. As to the remaining allegations in Paragraph 4, Defendants state that the
2  Complaint speaks for itself as to what Plaintiff is seeking in this lawsuit.

3    5.    With regard to the allegations in Paragraph 5, Defendants state that the
4  Complaint speaks for itself as to Plaintiff's purported reason for filing this lawsuit.

5    6.    Defendants deny all of the allegations in Paragraph 6.

6    7.    Defendants deny all of the allegations in Paragraph 7.

7    8.    Defendants deny that the TCPA was enacted to protect consumers from
8  unsolicited text messages and telephone calls exactly like those alleged in this case. Defendants
9  deny that they did anything unlawful.  As to the allegations relating to why Plaintiff filed this
10 case and what he seeks, Defendants state that the Complaint speaks for itself.  To the extent
11 Paragraph 8 contains any additional allegations of fact, Defendants deny those remaining
12 allegations.

**PARTIES**

14   9.    Defendants are without knowledge or information sufficient to form a belief as to
15 the truth or falsity of the allegations in Paragraph 9 and therefore deny the allegation.
16 Defendants deny all other allegations in Paragraph 9.

17   10.   Defendants admit the allegations in Paragraph 10.

18   11.   Defendants admit the allegations in Paragraph 11.

19   12.   Paragraph 12 contains legal conclusions to which no response is required.  To the
20 extent Paragraph 12 is intended to include any allegations of fact, Defendants are without
21 knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in
22 Paragraph 12 and therefore deny the allegations.

23   13.   With regard to the allegations in Paragraph 13, Defendants state that the
24 Complaint speaks for itself.  To the extent Paragraph 13 contains any allegations of fact,
25 Defendants deny those allegations.

**JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

27   14.   Defendants admit that Plaintiff brought this action under the TCPA and 47
28 C.F.R. § 64.1200(D), which is a federal statute.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Defendants admit that their principal place of business is located in this District. Defendants deny that they performed any wrongful conduct and, therefore, deny the remaining allegations in Paragraph 16.

17. Paragraph 15 contains legal conclusions to which no response is required.

## LEGAL BASIS FOR THE CLAIMS

18. With regard to the allegations in Paragraph 18, Defendants state that the language of the TCPA speaks for itself.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent Paragraph 19 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent Paragraph 20 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent Paragraph 21 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent Paragraph 22 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent Paragraph 23 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent Paragraph 24 contains any allegations of fact, Defendants state that the language of the TCPA speaks for itself.

25. Paragraph 25 contains legal conclusions to which no response is required.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent Paragraph 26 contains any allegations of fact, Defendants state the *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02- 278, Report and Order, 18 FCC Rcd 14014 (2003) speaks for itself.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent Paragraph 27 contains any allegations of fact, Defendants state the language of the TCPA speaks for itself.

**A.     Do Not Call Violations of the TCPA**

28. As an initial matter, Plaintiff has dismissed his Do-Not-Call claims ("DNC claims") and, therefore, no response is required to Plaintiff's DNC claims allegations. Nevertheless, Defendants state that Paragraph 28 contains legal conclusions to which no response is required. To the extent Paragraph 28 contains any allegations of fact, Defendants state the language of the TCPA speaks for itself.

29. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations. Nevertheless, Defendants state that Paragraph 29 contains legal conclusions to which no response is required. To the extent Paragraph 29 contains any allegations of fact, Defendants state the language of the 47 C.F.R. § 64.1200(c) speaks for itself.

30. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations. Nevertheless, Defendants state that Paragraph 29 contains legal conclusions to which no response is required. To the extent Paragraph 29 contains any allegations of fact, Defendants state the language of the 47 C.F.R. § 64.1200(c) speaks for itself.

31. Paragraph 31 contains legal conclusions to which no response is required.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent Paragraph 32 contains any allegations of fact, Defendants state that 47 C.F.R. 64.1200(d) speaks for itself.

**COMMON FACTUAL ALLEGATIONS**

33. Defendants admit that they own and operate a lead service company in the online marketing and advertising industry. Defendants do not know what Plaintiff means by the use of

1  "real-time" lead service company and, therefore, deny that they own and operate a "real-time"
2  lead service company. Defendants deny that they or their agents purchase "leads" containing
3  consumer contact information and create electronic databases from which Defendants make
4  automated calls.  Defendants deny that they obtain leads using referral services.  Defendants
5  deny all other allegations in Paragraph 33.

6        34.     Defendants are without knowledge or information sufficient to form a belief as to
7  the truth or falsity of the allegation that "[c]onsumers place their phone numbers on the Do Not
8  Call Registry for the express purpose of avoiding unwanted telemarketing calls like the ones
9  alleged here." As to all other allegations in Paragraph 24, Defendants deny those allegations.

10        35.     Defendants deny the allegations in Paragraph 35.

11        36.     Defendants do not understand what Plaintiff means by "serial marketing" and,
12  therefore, deny all allegations in Paragraph 36.

### FACTS SPECIFIC TO PLAINTIFF REEVE SCHLEY

**A.**    **Text Violations**

15        37.     Defendants deny the allegations in Paragraph 37.

16        38.     Defendants do not understand what Plaintiff means by "mass texts," and,
17  therefore, deny the allegation that Defendants sent "mass text" messages from "925-465-2000."
18  To the extent there are any more allegations of fact in Paragraph 28, Defendants deny those
19  allegations.

20        39.     Defendants deny the allegation that they, "using an automated text messaging
21  platform, caused a similar sales pitch text message from Contractors.com to be transmitted to
22  Plaintiff's cellular phone." Defendants also deny the allegation that "[t]he message was sent
23  from the number 925-378-3733, which is a dedicated number used for mass texts, not hand
24  delivered messages."

25        40.     Defendants deny the allegation that "[o]n or about August 21, 2019 at 3:39 p.m.,
26  Defendants using an automated text messaging platform, caused at least three text messages to
27  be transmitted to Plaintiff's cellular telephone with a similar sales pitch referenced in ¶ 37."
28  Defendants admit that the text "messages were sent from the same number 925-465-2000."

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

41. Defendants deny the allegation in Paragraph 41.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, therefore, deny the allegation in Paragraph 42.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, therefore, deny the allegation in Paragraph 43.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, therefore, deny the allegation in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent Paragraph 46 contains any allegations of fact, Defendants state the language of the TCPA speaks for itself.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

**B.     Telephone Call Violations**

49. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and, therefore, deny the allegations in Paragraph 49.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and, therefore, deny the allegations in Paragraph 50.

51. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 51.

52. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 52.

53. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 53.

54. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 54.

55. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 55.

56. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 56.

57. Defendants do not know what Plaintiff means by "automated calls." Therefore, Defendants deny the allegations in Paragraph 57.

58. Defendants admit the allegations in Paragraph 58.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 and, therefore, deny the allegation in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and, therefore, deny the allegation in Paragraph 61.

**C.     Facts Concerning Texts and Telephone Call Violations**

62. Defendants admit the allegations in Paragraph 62.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and, therefore, deny the allegation in Paragraph 63.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and, therefore, deny the allegation in Paragraph 64.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  65.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 and, therefore, deny the allegation in Paragraph 65.

4  66.  Paragraph 66 contains legal conclusions to which no response is required. To the extent Paragraph 66 contains any allegations of fact, Defendants deny all allegations in Paragraph 66. .

7  67.  Defendants admit that "Plaintiff seeks an injunction requiring Defendants to cease all illegal telemarketing and spam activities and an award of statutory damages to the class numbers, together with costs and reasonable attorneys' fees." Defendants deny all other allegations in Paragraph 68.

## STANDING

68.  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 and, therefore, deny the allegation in Paragraph 68. To the extent Paragraph 68 has any allegations of fact, Defendants deny them.

A.  **Injury in Fact**

69.  Paragraph 69 contains legal conclusions to which no response is required. As to all other allegations in Paragraph 69, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 and, therefore, deny the allegation in Paragraph 69. To the extent Paragraph 69 has any allegations of fact, Defendants deny them.

70.  Paragraph 70 contains legal conclusions to which no response is required. As to all other allegations in Paragraph 70, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and, therefore, deny the allegation in Paragraph 70. To the extent Paragraph 70 has any allegations of fact, Defendants deny them.

71.  Paragraph 71 contains legal conclusions to which no response is required. As to all other allegations in Paragraph 71, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  therefore, deny the allegation in Paragraph 71. To the extent Paragraph 71 has any allegations of
2  fact, Defendants deny them.

3    72.    Paragraph 72 contains legal conclusions to which no response is required.  As to
4  all other allegations in Paragraph 72, Defendants are without knowledge or information
5  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 and,
6  therefore, deny the allegation in Paragraph 72. To the extent Paragraph 72 has any allegations of
7  fact, Defendants deny them.

8    73.    Paragraph 73 contains legal conclusions to which no response is required.  As to
9  all other allegations in Paragraph 73, Defendants are without knowledge or information
10 sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and,
11 therefore, deny the allegation in Paragraph 73. To the extent Paragraph 73 has any allegations of
12 fact, Defendants deny them.

13 **B.    Traceable to the Conduct of Defendants**

14    74.    Paragraph 74 contains legal conclusions to which no response is required.  As to
15 all other allegations in Paragraph 74, Defendants are without knowledge or information
16 sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and,
17 therefore, deny the allegation in Paragraph 74. To the extent Paragraph 74 has any allegations of
18 fact, Defendants deny them.

19    75.    Defendant does not understand what Plaintiff means by "automated telephone
20 calls" and, therefore. Denies the allegations in Paragraph 75.

21 C.    **Injury Likely to be Redressed by Favorable Judicial Opinion**

22    76.    Paragraph 76 contains legal conclusions to which no response is required.  As to
23 all other allegations in Paragraph 76, Defendants are without knowledge or information
24 sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and,
25 therefore, deny the allegation in Paragraph 76. To the extent Paragraph 76 has any allegations of
26 fact, Defendants deny them.

27    77.    Paragraph 77 contains legal conclusions to which no response is required.  As to
28 all other allegations in Paragraph 77, Defendants are without knowledge or information

1  sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and,
2  therefore, deny the allegation in Paragraph 77. To the extent Paragraph 77 has any allegations of
3  fact, Defendants deny them.

## CLASS ALLEGATIONS

**A.     Class Allegations**

78.     Defendants admit that Plaintiff purports to "bring[] this action pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and all others similarly situated, as a member of a proposed class (hereafter "the Cell Phone Class," "the DNC Class," and the "Internal DNC Class[.]" To the extent Paragraph 78 has any allegations of fact, Defendants deny them.

79.     Paragraph 79 contains legal conclusions to which no response is required.  As to all other allegations in Paragraph 79, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 and, therefore, deny the allegation in Paragraph 79. To the extent Paragraph 77 has any allegations of fact, Defendants deny them.

80.     Defendants state the Complaint speaks for itself.

81.     Paragraph 81 contains legal conclusions to which no response is required.

82.     Defendants deny the allegations in Paragraph 82.

**B.     Numerosity**

83.     Defendants deny the allegations in Paragraph 82.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and, therefore, deny the allegation in Paragraph 84.

**C.     Commonality and Predominance**

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and, therefore, deny the allegation in Paragraph 85.

86. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, therefore, deny the allegation in Paragraph 86.

87. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and, therefore, deny the allegation in Paragraph 87.

### D.  Typicality

88. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 and, therefore, deny the allegation in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

### E.  Adequate Representation

90. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and, therefore, deny the allegation in Paragraph 90.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and, therefore, deny the allegation in Paragraph 91.

### F.  Policies Generally Applicable to the Class

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

### G.  Superiority

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny that Plaintiff suffered an injury at all due to Defendants' conduct.  Defendants deny all other allegations.

96. Defendants deny that they engaged in any misconduct.  Defendants deny all other allegation in Paragraph 96.

97. Defendants deny all allegations in Paragraph 97.

98. Defendants deny all allegations in Paragraph 98.

**FIRST CAUSE OF ACTION**

Violation of TCPA, 47 U.S.C. § 227, *et seq.*

("Illegal Phone and Text Claim" on behalf of Plaintiff and the Cell Phone Class)

99. Defendants incorporate by reference all preceding paragraphs (one through ninety-eight) as if restated herein.

100. Defendants deny all allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. If Paragraph 101 contains any allegations of fact, Defendants deny those allegations.

102. Paragraph 102 contains legal conclusions to which no response is required. If Paragraph 102 contains any allegations of fact, Defendants deny those allegations.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 and, therefore, deny the allegation in Paragraph 104.

105. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph105 and, therefore, deny the allegation in Paragraph 105.

106. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph106 and, therefore, deny the allegation in Paragraph 106.

107. Defendants deny all allegations in Paragraph 107.

108. Defendants deny all allegations in Paragraph 108.

109. Defendants deny all allegations in Paragraph 109.

110. Defendants deny all allegations in Paragraph 110.

**SECOND CAUSE OF ACTION**

Violation of TCPA, 47 U.S.C. § 227

("DNC Claim" on Behalf of Plaintiff and the DNC Class)

111. Defendants incorporate by reference all preceding paragraphs (one through 110) as if restated herein.

112. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

113. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

114. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

115. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

116. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

117. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

## THIRD CAUSE OF ACTION

Internal DNC Claim in Violation of the TCPA, 47 U.S.C. § 227, *et seq.* (64 C.F.R. § 64.1200(D))

118. Defendants incorporate by reference all preceding paragraphs (one through 117) as if restated herein.

119. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

120. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

121. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

122. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

123. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

124. Plaintiff has dismissed his DNC claims and, therefore, no response is required to Plaintiff's DNC claims allegations.

## ATTORNEY'S FEES

125. Defendants incorporate by reference all preceding paragraphs (one through 124) as if restated herein.

126. Defendant deny the allegations in Paragraph 126.

## PRAYER FOR RELIEF

127. Defendant deny that Plaintiff have been injured by Defendant conduct and that they are entitled to any relief whatsoever.

    a. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    b. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    c. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    d. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    e. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    f. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    g. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

    h. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

      i. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

      j. Defendants deny that Plaintiff has been injured by Defendants' conduct and that he is entitled to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

## **FIRST DEFENSE**

### **(Failure to State a Claim)**

1. The Complaint fails to state a claim upon which relief can be granted.

## **SECOND DEFENSE**

### **(Subject Matter Jurisdiction)**

2. The Court lacks subject matter jurisdiction over this class action because Plaintiff has not suffered any injury or harm cognizable under Article III of the United States' Constitution.

## **THIRD DEFENSE**

### **(No Violation of Privacy Rights)**

3. The calls and texts at issue did not adversely affect Plaintiff's privacy rights.

## **FOURTH DEFENSE**

### **(No ATDS)**

4. The alleged calls and texts to Plaintiff and those to the alleged class were not sent using an automatic telephone dialing system.

## **FIFTH DEFENSE**

### **(Prior Express Consent or Permission)**

5. The Complaint is barred, in whole or in part, on grounds of prior express written consent or permission. Plaintiff and/or class members may have given prior express written consent or permission to Defendants to call them at the numbers they provided.

///

///

///

## SIXTH DEFENSE

### (Good Faith)

6. The Complaint is barred, in whole or in part, on grounds of good-faith belief of prior express written consent or permission. Plaintiff may have given prior express written consent or permission to Defendants to call them at the numbers they provided.

## SEVENTH DEFENSE

### (Adequate Remedy at Law)

7. The Complaint fails to state a valid claim for injunctive relief because Plaintiff cannot establish, among other things, that he does not have an adequate remedy at law.

## EIGHTH DEFENSE

### (No Class Capable of Certification)

8. Plaintiff has not validly stated a class of litigants capable of certification for a class under the Federal Rules of Civil Procedure.

## NINTH DEFENSE

### (Inadequate Representation)

9. Plaintiff will not fairly and adequately protect the interests of the class because, among other things: the purported class may have received calls and texts different from those received by Plaintiff, and Plaintiff or class members may have given prior express written consent or permission to Defendants to call them at the numbers they provided.

## TENTH DEFENSE

### (Insufficient Facts to Support Class Certification)

10. The Complaint is barred, in whole or in part, on the grounds that Plaintiff does not allege facts sufficient to support class certification.

## ELEVENTH DEFENSE

### (Inappropriate Method for Adjudication)

11. A class action is not the appropriate method for fair and efficient adjudication of the alleged controversy because, among other things: the purported class may have received calls different from those received by Plaintiffs, and Plaintiff and/or class member may have given

gave prior express written consent or permission to Defendants to call them at the numbers they provided.

**TWELFTH DEFENSE**

**(Excessive Fines)**

12. The TCPA, codified at 47 U.S.C. § 227, upon which Plaintiff's claim relIES, violates the Due Process Clause under the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit the imposition of grossly excessive or arbitrary punishment on a defendant, and if a class were to be certified and liability were found, the statutory damages provided for in the TCPA would be grossly disproportionate to any "harm" suffered by the class members.

**THIRTEENTH DEFENSE**

**(No Willful Conduct)**

13. Defendants did not knowingly or willfully violate the TCPA.

**FOURTEENTH DEFENSE**

**(No Statutory Damages)**

14. Plaintiff is not entitled to statutory damages because Defendants have not engaged in any conduct in violation of the TCPA.

**FIFTEENTH DEFENSE**

**(No Attorneys' Fees or Costs)**

15. Plaintiff is not entitled to attorneys' fees or costs.

**SIXTEENTH DEFENSE**

**(Uncertainty)**

16. Plaintiff's claims are barred, in whole or in part, to the extent that they are uncertain in pleading the material allegations thereof.

**SEVENTEENTH DEFENSE**

**(Laches, Waiver, and/or Estoppel)**

17. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, and estoppel.

## EIGHTEENTH DEFENSE

### (Unclean Hand)

18. Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, fraud, and in pari delicto.

## NINETEENTH DEFENSE

### (Other Defenses)

19. Defendants claim the benefit of all other defenses and presumptions set forth in or arising from any rule of law or statute or any other rule of law that is deemed to apply in this action. Defendants reserve the right to assert any additional defenses which may be disclosed during the course of additional investigation and discovery.

## PRAYER

WHEREFORE, having fully answered, Defendants respectfully pray for judgment as follows:

1. that the Court deny Plaintiff's request for certification of a class;
2. that judgment be entered in favor of Defendants and against Plaintiff;
3. that Plaintiff take nothing from Defendants by his suit and that the Complaint be dismissed in its entirety with prejudice; and
4. for such other and further relief as the Court may deem just and proper.

DATED: April 1, 2020

**BAKER & HOSTETLER LLP**

By: */s/ Matthew D. Pearson*
    Teresa C. Chow
    Matthew D. Pearson

*Attorneys for Defendants*
*ONE PLANET OPS INC. and*
*BUYERLINK LLC dba*
*CONTRACTORS.COM*