Teresa C. Chow, Bar No. 237694
*tchow@bakerlaw.com*
Elizabeth M. Treckler, Bar No. 282432
*etreckler@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:   310.820.8800
Facsimile:    310.820.8859

Matthew D. Pearson, Bar No. 294302
*mpearson@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1801 California Street, Suite 4400
Denver, CO 80202-2662
Telephone:   303.861.0600
Facsimile:    303.861.7805

Attorneys for Defendants
ONE PLANET OPS INC. and
BUYERLINK LLC dba CONTRACTORS.COM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REEVE SCHLEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONE PLANET OPS INC., a Delaware Corporation; BUYERLINK LLC dba CONTRACTORS.COM, a California limited liability company; and DOES 1 through 50, inclusive, and each of them,<br><br>Defendants. | Case No.: 3:20-cv-00203-EMC<br><br>[*Assigned to the Hon. Edward M. Chen*]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**HEARING**<br>**Date:   November 12, 2020**<br>**Time:   1:30 p.m.**<br>**Ctrm.:   5**<br><br>[*Filed concurrently with Declaration of Amy Elizabeth Wong; (Proposed) Order*]<br><br>Complaint Filed:         January 9, 2020 |

**TO THE COURT, TO ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 12, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 5 of the above-captioned court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendants One Planet Ops Inc. and Buyerlink LLC dba Contractors.com (collectively, "Defendants") will, and hereby do, move this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in favor of Defendants on Plaintiff Reeve Schley ("Plaintiff")'s Complaint.

This Motion is made on the grounds that there are no triable issues of material fact as to Plaintiff's First Cause of Action for Violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and Defendants are entitled to judgment as a matter of law.[1] Specifically, Defendants move for summary judgment because Plaintiff cannot establish the essential elements of his First Cause of Action. Defendants did not utilize an automatic telephone dialing system or an artificial and/or pre-recorded voice message at the time of the communications alleged by Plaintiff in his Complaint. Therefore, Plaintiff cannot establish that Defendants violated Section 227 of the TCPA, and summary judgment is warranted.

///
///
///

---

[1] Following this Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 26), only one cause of action remains at issue – Plaintiff's First Cause of Action for Violations of the TCPA, 47 U.S.C. §227.

1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

This Motion is based upon this Notice and Motion, the attached Memorandum of Points and Authorities, the Declaration of Amy Elizabeth Wong, all documents and exhibits referenced therein and concurrently filed and served herewith, the pleadings and records on file in this action, and all other evidence and argument that the Court may properly consider prior to issuing a ruling hereon.

Dated: August 20, 2020

**BAKER & HOSTETLER LLP**

By: */s/ Teresa C. Chow*
    Teresa C. Chow
    Elizabeth M. Treckler
    Matthew D. Pearson

*Attorneys for Defendants*
ONE PLANET OPS INC. and
BUYERLINK LLC dba
CONTRACTORS.COM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants One Planet Ops Inc. ("One Planet") and Buyerlink LLC dba Contractors.com's ("Buyerlink, and together, "Defendants") Motion for Summary Judgment (the "Motion") highlights a fatal flaw in Plaintiff Reeve Schley's ("Plaintiff") Complaint: Defendants did not utilize an automatic telephone dialing system ("ATDS") or an artificial and/or prerecorded voice to contact any telephone subscriber during the months that Plaintiff alleges he received multiple telephone calls and text messages in violation of the Telephone Consumer Protection Act ("TCPA"). As such, Plaintiff cannot, as a matter of law, establish his First Cause of Action against Defendants.

Following this Court's ruling on Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 26), only one cause of action remains at issue – Plaintiff's First Cause of Action for Violations of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), pertaining to alleged illegal telephone calls and text messages sent to Plaintiff. Plaintiff's First Cause of Action turns upon allegations that Defendants used an automated text-messaging platform and sent calls from an automated system to Plaintiff's cellular telephone between August 2019 and December 2019, in violation of the TCPA.

However, contrary to the unfounded allegations in Plaintiff's Complaint, the undisputed facts set forth in this Motion show that all telephone calls and/or text messages from Defendants to any outside telephone number—cellular and landline—between August 2019 and December 2019 were manually dialed and manually launched by One Planet's sales representatives using a cloud-based communications app, RingCentral, without the use of any artificial or prerecorded voice message. The version of the RingCentral app available to One Planet's sales representatives did not have the capability to store and automatically dial telephone numbers without human intervention, nor did it have the capability to automatically produce telephone numbers to be called using a random or sequential number generator and automatically dial those telephone numbers without human intervention. Moreover, once the call connected, the sales representative would speak directly to the person that answered the call. Put simply, the cloud-based communications app utilized by Defendants' sales representatives was akin to using a rotary dial or push-button phone that just happened to be displayed on a computer monitor.

1

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

Although it is clear that the technology utilized by Defendants to contact telephone subscribers during those months was simply not an ATDS and did not employ artificial and/or prerecorded voice messages, Plaintiff continues to pursue his baseless claim, and Defendants must therefore seek summary judgment. Accordingly, and as demonstrated more thoroughly below, there are no triable issues of material fact, and Defendants are entitled to judgment as a matter of law on Plaintiff's First Cause of Action. Defendants therefore respectfully request that the Court grant this Motion, and enter judgment in their favor on Plaintiff's Complaint.

## II.     STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule 7-4(a)(3), Defendants submit the following statement of issues to be decided with their Motion:

1.     Whether the undisputed facts establish that Defendants did not utilize an ATDS or artificial and/or prerecorded voice to contact outside telephone numbers, including the telephone number purported to belong to Plaintiff, between August 2019 and December 2019, in violation of the TCPA, such that summary judgment in favor of Defendants is warranted.

## III.    RELEVANT FACTUAL BACKGROUND

### A.     Plaintiff's Allegations Concerning Purported Calls and Texts Made to a Phone Number Apparently Belonging to Plaintiff

Plaintiff's Complaint asserts one cause of action for Violations of TCPA, 47 U.S.C. §227(b)(1)(A)(iii) against Defendants. (Compl., ¶¶ 99-110[2].) Plaintiff alleges that:

> Defendants – or third parties directed by Defendants – used equipment having the capacity to dial numbers without human intervention to make non-emergency text messages and phone calls to the cellular telephones of Plaintiff and the other members of the Cell Phone Class. Defendants contacted Plaintiff and members of the Cell Phone Class, on their cellular phones through a sophisticated automatic telephone dialling [*sic*] system utilizing an artificial or prerecorded voice message and via text message.

(Compl., ¶ 103.)

---

[2] All citations to Plaintiff's Complaint are provided solely for the purpose of demonstrating the scope of the allegations at issue, and are not being submitted by Defendants as undisputed facts for purposes of summary judgment.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Specifically, Plaintiff claims that Defendants used "an automated text-messaging platform" to send three "telemarketing" text messages to Plaintiff between August 7 and 21, 2019, which he alleges were sent from numbers "used for mass texts, not hand delivered messages." (Compl., ¶¶ 37-41.) Plaintiff further claims that he never provided Defendants with his express consent, written or otherwise, or express permission to be contacted by text messages using an ATDS. (Compl., ¶¶ 42-43.)

Without identifying the communication platform used by Defendants, Plaintiff alleges that "[t]he systems utilized by Defendants have the current capacity or present ability to store numbers using a random or sequential generator, and to dial such numbers" and that "the equipment used by Defendants has the capacity to dial numbers from a list of numbers, automatically without human intervention." (Compl., ¶ 47.)

Plaintiff also alleges that he received approximately thirty "automated calls on his cellular telephone" between August 2019 and December 2019, "from various numbers all with the area code (925), claiming to be Defendants." (Compl. ¶¶ 51-57.) Plaintiff once again claims that he never provided prior consent, invitation, or permission for Defendants to contact him via telephone call, and that "Defendants called Plaintiff utilizing a deceptive automated system at least twice on his phone during a twelve-month period." (Compl., ¶¶ 59-60.)

Based upon these allegations, Plaintiff seeks statutory damages, an injunction against future calls, and potential treble damages. (Compl., ¶¶ 108-110.)

**B.      Undisputed Facts Establishing That Defendants Did Not Utilize An ATDS or Artificial and/or Prerecorded Voices to Contact Plaintiff**

Defendants operate an online marketing service from which construction contractors can purchase locally targeted and category-specific customer leads. (Declaration of Amy Elizabeth Wong ["Wong Decl."], ¶ 3.) Defendants' service facilitates the matching of customers who want specific services to contractors that can provide those services. (*Id.*) Defendants' sales representatives facilitate this matching by contacting contractors and potential contractors, such as Plaintiff – whose purported telephone number is identified online as the contact number for a business that provides construction contracting services – by sourcing numbers in real-time from

3

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

the internet prior to making calls or sending text messages with the intention of signing up said contractors to Defendants' service in order to obtain access to customer leads. Defendants then match contractors that have signed up for Defendants' service with customers through "leads," which are generated through Defendants' websites and third-party services that partner with Defendants, and via internet searches. (*Id.*)

At all times between August 2019 and December 2019, One Planet (doing business as Buyerlink and providing operational services on behalf of Contractors.com) utilized a cloud-based communications and collaboration solution called RingCentral to place calls and send text messages. (*Id.* at ¶ 7.) One Planet began using RingCentral's Office Premium Edition in May 2018. (*Id.*)

In order to place a call using the RingCentral app between August 2019 and December 2019, all sales representatives manually dialed all ten digits of the telephone number being called, and prompted the RingCentral app to call the number that had been manually entered by clicking the green phone icon. (*Id.* at ¶ 8.) The version of the RingCentral app utilized by the sales representatives did not have the capability to store and automatically dial telephone numbers without human intervention, nor did it have the capability to automatically produce telephone numbers to be called using a random or sequential number generator and automatically dial those telephone numbers without human intervention. (*Id*.) Additionally, once a call connected, the sales representative would speak directly to the person who answered the call. (*Id.* at ¶ 9.) Defendants' sales representatives did not utilize any artificial or prerecorded voice message when making these calls. (*Id.*)

One Planet's sales representatives also utilized the RingCentral app to send text messages from time to time. (*Id.* at ¶ 11.) In order to send text messages using the RingCentral app between August 2019 and December 2019, all sales representatives had to type out the content of a text message before the RingCentral app would activate the 'Send' button within the RingCentral app. (*Id.*) The sales representatives then prompted the RingCentral app to send the text message by clicking the 'Send' button. (*Id.*) The RingCentral app utilized by the sales representatives did not have the capability to send text messages without human intervention. (*Id.*)

4

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

1    Between August 2019 and December 2019, the RingCentral app was the only communications system utilized by One Planet's sales representative to place telephone calls and send text messages. (*Id.* at ¶ 7.) Moreover, and contrary to Plaintiff's allegations, One Planet did not utilize the services of a third-party vendor to place telephone calls or send text messages between August 2019 and December 2019. (*Id.* at ¶ 10-11.) During the relevant timeframe, all telephone calls and text messages were made and/or sent by sales representatives who were employees of One Planet or a subsidiary of One Planet, using the RingCentral app. (*Id.*)

## IV.   LEGAL STANDARD ON SUMMARY JUDGMENT

Summary judgment should be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The "materiality" of particular facts is determined by the pleadings and the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1968). "A disputed fact is material where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is genuine where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' *Undsay v. Westwood Um. Partnership,* Case No. 2:17-cv-0333- ODW(AS), 2018 WL 4006425, at *1 (C.D. Cal. Aug. 17, 2018) (internal quotations omitted).

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has satisfied this burden, the nonmoving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quotations omitted). If the non-moving party fails to make a sufficient showing of an element of its case, the moving party is entitled to judgment as a matter of law. *Id.* at 325. "Conclusory or speculative testimony in affidavits are insufficient to raise genuine issues of fact and defeat summary judgment." *Undsay,* 2018 WL 4006425, at *1. There "must be more than a mere scintilla of contradictory evidence to survive summary judgment." *Id.* If the court determines that the record,

5

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  taken together, could not lead a rational trier of fact to find for the nonmoving party, summary
2  judgment must be granted because there is no genuine issue for trial. *Matsushita Elec. Indus. Co.*
3  *v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

4  **V.    LEGAL ANALYSIS**

5      **A.    Elements of a TCPA Claim Under Section 227(b)(1)(A)(iii)**

6      "The TCPA generally prohibits a person from making 'any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system' to 'any telephone number assigned to a cellular telephone service.'" *AG v. South Bay Dreams Cooperative, Inc.,* Case No. 16-CV-02598-L (RNB), 2018 WL 2002370, at *3 (S.D. Cal. Apr. 30, 2018) (citing 47 U.S.C. § 227(b)(1)(A)(iii) and *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 950 (9th Cir. 2009)). "To establish a TCPA claim, a plaintiff must prove that (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system [or an artificial or prerecorded voice]; (3) without the recipient's prior express consent." *South Bay Dreams Cooperative, Inc.,* 2018 WL 2002370, at *3 (internal quotations omitted); *see also Abante Rooter and Plumbing, Inc. v. Arashi Mahalo, LLC*, Case No. 18-CV-07311-VC, 2019 WL 6907077, at *2 (N.D. Cal. Dec. 19, 2019) (summary judgment granted where plaintiff failed to present any admissible evidence that defendant utilized a predictive dialer).

    Under the second element, an ATDS is defined as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)). The Ninth Circuit has upheld the Federal Communications Commission ("FCC") interpretation that a text message is considered a "call" within the meaning of the TCPA. *Satterfield*, 569 F.3d at 954.

    Recently, in 2018, the D.C. Circuit overturned aspects of several FCC rulings defining an ATDS. *ACA Int'l v. Federal Commc'n Comm'n*, 885 F.3d 687 (D.C. Cir. 2018). Shortly thereafter, the Ninth Circuit construed *ACA International* as having wiped the definitional slate clean, requiring them to "begin anew to consider the definition of ATDS under the TCPA." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1049-50 (9th Cir. 2018).

6

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

As set forth in *Marks,* a device is considered to be an ATDS if it "has the capacity to—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Id.* at 1052-53. Under this test, a device will not constitute an ATDS unless it dials numbers automatically, meaning without human intervention. *See id.; ACA Intl v. FCC,* 885 F. 3d 687, 703 (D.C. Cir. 2018) ("'auto in autodialer—or, equivalently, 'automatic in 'automatic telephone dialing system . . . would seem to envision non-manual dialing of telephone numbers"); *Herrick v. GoDaddy.com, LLC,* 312 F.Supp.3d 792, 800-801 (D. Az. 2018).

As explained below, the undisputed facts here establish that the RingCentral app utilized by Defendants between August 2019 and December 2019 is not an ATDS because it fails both components of the test: (1) it does not have the capacity to store telephone numbers, as defined in 47 U.S.C. § 227(b)(1)(A)(iii), to be called, and dial those telephone numbers without human intervention, and (2) it did not use a random or sequential number generator to produce numbers to be called, and dial those telephone numbers without human intervention.

Further, the undisputed facts establish that Defendants did not utilize any artificial or prerecorded voice to contact any cellular telephone numbers, including Plaintiff's telephone number, between August 2019 and December 2019. As such, Plaintiff cannot prove the essential elements of his First Cause of Action, and summary judgment is warranted.

**B.  The Undisputed Facts Establish that Defendants Did Not Use an ATDS or Artificial and/or Prerecorded Voices to Contact Plaintiff's Number**

All calls from Defendants' sales representatives to outside cellular telephone numbers between August 2019 and December 2019 were manually dialed and manually launched by the sales representatives using the RingCentral app, without the use of any artificial or prerecorded voice message. (Wong Decl., ¶¶ 7-10.) As explained in the declaration of Amy Elizabeth Wong, One Planet's Senior Director of Retail Operations/General Manager, the version of the RingCentral app available to One Planet's sales representatives at that time did not have the capability to store and automatically dial telephone numbers without human intervention, nor did it have the capability to automatically produce telephone numbers to be called using a random or sequential number

7

generator and automatically dial those telephone numbers without human intervention. (*Id.* at ¶ 8.) Additionally, once a call connected, the sales representative would speak directly to the person who answered the call. (*Id.* at ¶ 9.)

Although the Ninth Circuit in *Marks* envisioned that some level of human interaction with a system may still qualify as an ATDS, the RingCentral app utilized by Defendants went far beyond merely triggering a system to run automatically.[3] *Marks,* 904 F.3d at 1053. The RingCentral app also went far beyond even the human interaction necessary to activate other computer-based dialing systems that courts in the Ninth Circuit and other district courts have repeatedly found not to be ATDS, such as LiveVox HCI. *See, e.g., Meier v. Allied Interstate, LLC,* Case No. 18-CV-1562-GPC-BGS, 2020 WL 819014, at *6 (S.D. Cal. Feb. 19, 2020) ("Here, the Court finds that the LiveVox HCI system is incapable of 'non-manual' dialing because it requires the intervention of clicker agents, and this is not an ATDS. Though a simple click on a computer screen 'may seem [too] minimal' an act of human intervention, it is not in the aggregate.") (citations omitted); *Ammons v. Diversified Adjustment Serv., Inc.*, Case No. 18-CV-06489-ODW, 2019 WL 5064840, at *5 (C.D. Cal. Oct. 9, 2019) ("LiveVox HCI still requires human intervention to launch calls to them"); *Collins v. Nat'l Student Loan Program*, 360 F. Supp. 3d 268, 273 (D.N.J. 2018) (same); *Hatuey v. IC Sys., Inc.*, Case No. 16-CV-12542-DPW, 2018 WL 5982020, at *6–7 (D. Mass. Nov. 14, 2018) (same); *Arora v. Transworld Sys. Inc.*, Case No. 15-CV-4941, 2017 WL 3620742, at *3 (N.D. Ill. Aug. 23, 2017) (same); *Marshall v. CBE Group, Inc.,* Case No. 16-cv-02406-GMN-NJIC, 2018 WL 1567852, at *7 (D. Nev. Mar. 30, 2018) ("the overwhelming weight of authority applying this element hold that 'point and click' dialing systems ... do not constitute an ATDS as a matter of law").

Here, the RingCentral app required multiple stages of human intervention to place a telephone call or send a text message, which precludes any finding that it was an ATDS.

---

[3] The *Marks* Court cited examples of permissible levels of intervention, such as: "turning on the machine," "initiating [the equipment's] functions," or "flip[ing] the switch on an ATDS." *Id.* In addition, "the test for human involvement looks to the time a call or message is sent or dialed, not what might have happened *earlier* to enter the phone number into the system." *Washington v. Six Continents Hotels, Inc.*, No. 216-CV-03719-ODW, 2018 WL 4092024, at *5 (C.D. Cal. Aug. 24, 2018) (citation omitted) (emphasis added). Defendants' RingCentral app involved human intervention that went significantly beyond the permissible levels described in *Marks.*

8

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC

Defendants' sales representatives dialed each digit of any telephone number, and then clicked either a phone icon or a 'Send' button to initiate each call or send a text message. (Wong Decl., ¶¶ 8, 11-12.) The RingCentral app also required human intervention to compile the text message to be sent to a telephone number, and then required that Defendants' sales representative manually click the 'Send' button within the app for the text message to be sent to a telephone number. (*Id.* at ¶ 12.)

The undisputed facts clearly show that Defendants' RingCentral app required extensive human intervention to contact any telephone subscriber, including Plaintiff, and could not be deemed an ATDS under any circumstances. *See Herrick,* 312 F.Supp. at 802-803 (finding no ATDS where defendant "identified multiple stages in the process of sending Plaintiff the text message in which human intervention is involved."). The undisputed facts also show that Defendants did not utilize any artificial or prerecorded messages to contact any telephone subscriber, including Plaintiff. Given these undisputed facts, Plaintiff cannot establish that Defendants violated Section 227(b)(1)(A)(iii) of the TCPA, and summary judgment should be granted.

## VI.   CONCLUSION

For the foregoing reasons, Defendants are entitled to summary judgment on Plaintiff's First Cause of Action, and his Complaint as a whole. The undisputed evidence demonstrates that Defendants never called or texted the number that Plaintiff claims they called using an ATDS because the dialing system used, RingCentral, is not an ATDS as a matter of law. Further, Defendants did not utilize an artificial or prerecorded voice to contact the number that Plaintiff claims they called. Therefore, summary judgment should be granted, and judgment entered in favor of Defendants.

Dated: August 20, 2020

**BAKER & HOSTETLER LLP**

By: */s/ Teresa C. Chow*
  Teresa C. Chow
  Elizabeth M. Treckler
  Matthew D. Pearson

*Attorneys for Defendants*
ONE PLANET OPS INC. and
BUYERLINK LLC dba
CONTRACTORS.COM

9

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION FOR SUMMARY JUDGMENT; 3:20-CV-00203-EMC